UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS, | No. 2:24-cv-2749 DAD AC PS |
| Plaintiff, | |
| v. | ORDER and |
| FEDERAL BACKGROUND INVESTIGATION – BACKGROUND CHECK, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

1  (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
2  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
3  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
4  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
5  1037 (2011).
6      The court applies the same rules of construction in determining whether the complaint
7  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
8  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
9  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
10 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
11 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
12 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
13 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
14 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
15 556 U.S. 662, 678 (2009).
16      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
17 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
18 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
20 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
21 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
22 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
23 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
24      B.  The Complaint
25      Plaintiff brings suit against "Federal Background," and also identifies the defendant as
26 "Federal Courts."  ECF No. 1 at 2, 5.  Plaintiff's "Statement of Claim" reads as follows: "My
27 back round check from this courthouse says on or about the time of my divorce filling I was
28 recoded somewhere as deceased. 5/1998." Id. at 5.  Plaintiff seeks $75,000.00 in damages.  Id.

1  Plaintiff submitted a redacted copy of her driver's license with a notary stamp, as well as a notary
2  certificate.  ECF No. 1 at 7-8.
3        C.  <u>Analysis</u>
4        This complaint must be dismissed because it fails to state a claim upon which relief may
5  be granted, and it seeks monetary relief from a defendant who is immune from such relief.  First,
6  plaintiff presents a concrete set of facts that do not give rise to any plausible legal claim.
7  Plaintiff's complaint amounts to an allegation that there was an error on a background check.
8  Taken as true, this does not present a cognizable basis for a lawsuit.  Even if there was an error on
9  plaintiff's background check, the court is unaware of any legal cause of action that error would
10  support, and plaintiff does not identify any legal cause of action.  Accordingly, plaintiff fails to
11  state a claim upon which relief can be granted.
12        Second, plaintiff sues the United States without identifying an applicable waiver of
13  sovereign immunity.  "A party may bring an action against the United States only to the extent
14  that the government waives its sovereign immunity."  <u>Valdez v. United States</u>, 56 F.3d 1177,
15  1179 (9th Cir.1995).  While there are many statutes that waive sovereign immunity in specific
16  circumstances, plaintiff does not identify any basis for such a waiver in her complaint.  The court
17  is unaware of any waiver of sovereign immunity that would apply to the set of facts presented.
18  Accordingly, plaintiff cannot sue the United States or any of its branches, departments or
19  subdivisions, because it is immune from suit.
20        **II.  Leave to Amend is Not Appropriate**
21      Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted
22  liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith,
23  prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d
24  1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that
25  leave to amend would be futile.
26        **III.  Pro Se Plaintiff's Summary**
27      The Magistrate Judge is recommending that your case be dismissed because you do not
28  state a claim for legal relief that this court can provide.  You may object to this recommendation

within 21 days if you wish to do so.  The District Judge will make the final decision.

### IV.  Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED because it fails to state a claim upon which relief can be granted, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE